UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

CLARA SANTANA

    Plaintiff,

v.

ARMANDO BARRIO NUEVO,
and his wife
DARELYNN PREJEAN

    Defendants
_____/

## COMPLAINT

COMES NOW the Plaintiff CLARA SANTANA, by and through the undersigned counsel, and hereby sues Defendants ARMANDO BARRIO NUEVO and his wife DARELYNN PREJEAN, and alleges:

1. This is an action to recover money damages for unpaid minimum wages under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff CLARA SANTANA is a resident of Dade County, Florida, within the Honorable Court jurisdiction. Plaintiff is a covered employee for purposes of the Act.

3. Defendants ARMANDO BARRIO NUEVO and his wife DARELYNN PREJEAN (hereinafter ARMANDO BARRIO NUEVO and DARELYNN PREJEAN JERRY, or Defendants) are Broward County residents who employed Plaintiff CLARA SANTANA. Defendants are the employers of Plaintiff within the meaning of FLSA 29 U.S.C. §203 (d).

## GENERAL ALLEGATIONS

4. Defendant ARMANDO BARRIO NUEVO and his wife DARELYNN PREJEAN employed Plaintiff CLARA SANTANA as a live-in nanny and domestic employee to work in their private residence located at 1050 Southlake Drive, Hollywood, FL 33019.

5. Plaintiff worked for Defendants from approximately August 19, 2019, to February 28, 2021, or 80 weeks.

6. Plaintiff was required to reside at Defendants' private residence as a condition for employment and as per the convenience of the employers.

7. At the time of Plaintiff's hiring, Defendants ARMANDO BARRIO NUEVO and DARELYNN PREJEAN, entered into an employment agreement with Plaintiff. Defendants verbally explained to Plaintiff about her working conditions, detailing her wages, working hours, and duties.

8. According to the terms of the verbal agreement, Defendants would be providing Plaintiff room and meals and a weekly salary of $460.00, covering 5 days with 40 hours of work, resulting in a regular rate of $11.50 an hour. Defendants promised Plaintiff to pay her fairly for all her hours worked. Plaintiff's duties would be taking care of one 9 months old baby girl, and baby related light nanny work.

9. However, Plaintiff ended up working 7 days per week, a minimum average of 93 hours per week.

10. Defendants misguided Plaintiff at the time of hiring describing her duties, but then Defendants made her responsible for an unreasonable workload, in addition to taking care of the baby.

11. From Monday to Friday, Plaintiff worked from 6:00 AM to 8:00 PM, or later (14 hours each day). On Saturdays, Plaintiff worked from 6:00 AM to 1:00 AM (19 hours), because Defendants went out. On Sundays, Plaintiff left at 8:00 AM, but she had to be back before 6:00 PM, and she worked from 6:00 PM to 10:00 PM (4 hours). Plaintiff worked a minimum of 93 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

12. Plaintiff had duties as a nanny, and additionally and simultaneously with her nanny responsibilities, she was required to perform multiple task as cleaning and housekeeping, chauffeuring, cooking for the family at night, cleaning DARELYNN PREJEAN's father's house, cleaning for ARMANDO BARRIO NUEVO's mother house, performing duties related to Defendants' businesses such as making deliveries for Defendant DARELYNN PREJEAN's offices, cleaning school busses, cleaning Defendants' Air BNB rental camper, and all kind or errands, all this, while taking care of the baby.

13. During her 80 weeks of employment, Plaintiff worked a minimum of 93 hours weekly. Plaintiff was paid $460.00 weekly the first year. This amount divided by the 93 hours worked resulted in a wage rate of $4.95. During the remaining 28 weeks, Plaintiff was paid $480.00 weekly, this amount divided by the 93 hours worked, resulted in a wage-rate of $5.16 an hour.

14. Plaintiff worked many hours that were not properly compensated at the minimum wage rate, as established by the FLSA.

15. Defendants did not keep any time-keeping method to track Plaintiff's hours, but they were in complete control of Plaintiff's schedule and knew the number of hours that she was working.

16. Therefore, Defendants ARMANDO BARRIO NUEVO and his wife DARELYNN PREJEAN willfully failed to pay Plaintiff minimum wages for the time and periods specified above, in violation of the Fair Labor Standards Act.

17. Plaintiff was paid in cash, and she was not provided with any record or paystub detailing her number of days and hours worked, wage-rate, employment taxes deducted, etc.

18. On or about February 28, 2021, Plaintiff stopped working for Defendants.

19. Plaintiff CLARA SANTANA seeks to recover any regular unpaid wages accumulated during her relevant time of employment, liquidated damages, as well as any other relief as applicable by law.

## COUNT I:
## FEDERAL STATUTORY VIOLATIONS OF THE FLSA'S MINIMUM WAGE PROVISIONS, 29 U.S.C. §206

20. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-19 of this complaint set out in full herein.

21. Plaintiff CLARA SANTANA brings this action to recover from the Employers ARMANDO BARRIO NUEVO and DARELYNN PREJEAN unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

22. At all times relevant to this action, Plaintiff CLARA SANTANA was an employee of Defendants within the meaning of the FLSA 29 U.S.C. §203 (e).

23. At all times relevant to this action, Defendants were Plaintiff's Employers within the meaning of the FLSA 29 U.S.C. §203 (d).

24. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA 29 U.S.C. §203 (g).

25. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

26. Pursuant to 29 USC § 206, (f), 206 § (b), and 206 § (a)(1), the Employers/Defendants were subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

27. Specifically, Title 29 U.S.C. §206 (f) states:

    **Employees in domestic service**
    Any employee—
    **(1)** who in any workweek is employed in domestic service in a household shall be paid wages at a rate not less than the wage rate in effect under subsection (b) of this section unless such employee's compensation for such service would not because of section 209(a)(6) of the Social Security Act [42 U.S.C. 409(a)(6)] constitute wages for the purposes of title II of such Act [42 U.S.C. 401 et seq.], or
    **(2)** who in any workweek—
    **(A)** is employed in domestic service in one or more households, and
    **(B)** is so employed for more than 8 hours in the aggregate,
    shall be paid wages for such employment in such workweek at a rate not less than the wage rate in effect under subsection (b) of this section.

28. Defendant ARMANDO BARRIO NUEVO and his wife DARELYNN PREJEAN employed Plaintiff CLARA SANTANA as a live-in nanny and domestic employee to work in their private residence located at 1050 Southlake Drive, Hollywood, FL 330`9406 Sunset Drive, Hallandale, FL 33009.

29. Plaintiff worked for Defendants from approximately August 19, 2019, to February 28, 2021, or 80 weeks.

30. Plaintiff was required to reside at Defendants' private residence as a condition for employment and as per the convenience of the employers.

31. During her employment with Defendants, Plaintiff worked from Monday to Friday, from 6:00 AM to 8:00 PM, or later (14 hours each day). On Saturdays, Plaintiff worked from 6:00 AM to 1:00 AM (19 hours), because Defendants went out. On Sundays, Plaintiff left at 8:00 AM, but she had to be back before 6:00 PM, and she worked from 6:00 PM to 10:00 PM (4 hours). Plaintiff worked a minimum of 93 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

32. Plaintiff had duties as a nanny, and additionally and simultaneously with her nanny responsibilities, she was required to perform multiple task as cleaning and housekeeping, chauffeuring, cooking for the family at night, cleaning DARELYNN PREJEAN's father's house, cleaning for ARMANDO BARRIO NUEVO's mother house, performing duties related to Defendants' businesses such as making deliveries for Defendant DARELYNN PREJEAN's offices, cleaning school busses, cleaning Defendants' Air BNB rental camper, and all kind or errands, all this while taking care of the baby.

33. During her 80 weeks of employment, Plaintiff worked a minimum of 93 hours weekly. Plaintiff was paid $460.00 weekly the first year. This amount divided by the 93 hours worked resulted in a wage rate of $4.95. During the remaining 28 weeks, Plaintiff was paid $480.00 weekly, this amount divided by the 93 hours worked, resulted in a wage-rate of $5.16 an hour.

34. Plaintiff worked many hours that were not properly compensated at the minimum wage rate, as established by the FLSA.

35. Defendants did not keep any time-keeping method to track Plaintiff's hours, but they were in complete control of Plaintiff's schedule and knew the number of hours that she was working.

36. Therefore, Defendants ARMANDO BARRIO NUEVO and his wife DARELYNN PREJEAN willfully failed to pay Plaintiff minimum wages for the time and periods specified above, in violation of the Fair Labor Standards Act.

37. Plaintiff was paid in cash, and she was not provided with any record or paystub detailing her number of days and hours worked, wage-rate, employment taxes deducted, etc.

38. The records, if any, concerning the number of hours worked by Plaintiff and the compensation paid to her should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

39. Defendants never posted any notice, as required by the Fair Labor Standards Act, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

40. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
*Florida minimum wage is higher than Federal minimum wage. As per FLSA Regulations the higher minimum wage applies.

   a. Total amount of alleged unpaid wages:

      Twenty-Six Thousand Five Hundred Eighty-One Dollars and 26/100 ($26,581.26)

   b. Calculation of such wages:

      Total relevant weeks of employment: 80 weeks
      Total hours worked: 93 hours weekly
      Total number of hours worked: 93 hours weekly

**1.- 2019 Unpaid minimum wages x 19 weeks @ $8.46 an hour**

Relevant weeks: 19 weeks
Total number of hours worked: 93 hours weekly
Salary: $460.00 weekly: 93 hours=$4.95 an hour
Florida minimum wage 2019: $8.46 an hour
$8.46 FL Min. wage -$4.95 rate paid=$3.51 Min. wage difference

$3.51 x 93 hours=$326.43 weekly x 19 weeks=$6,202.17

**2.- 2020 Unpaid minimum wages x 52 weeks @ $8.56 an hour**

Relevant weeks: 52 weeks
Total number of hours worked: 93 hours weekly
Salary: $460.00 weekly: 93 hours=$4.95 an hour
Florida minimum wage 2020: $8.56 an hour
$8.56 FL Min. wage -$4.95 rate paid=$3.61 Min. wage difference

$3.61 x 93 hours=$335.73 weekly x 52 weeks=$17,457.96

**3.- 2021 Unpaid minimum wages x 9 weeks @ $8.65 an hour**

Relevant weeks: 9 weeks
Total number of hours worked: 93 hours weekly
Salary: $480.00 weekly: 93 hours=$5.16 an hour
Florida minimum wage 2021: $8.65 an hour
$8.65 FL Min. wage -$5.16 rate paid=$3.49 Min. wage difference

$3.49 x 93 hours=$324.57 weekly x 9 weeks=$2,921.13

Total minimum wages #1, #2 and #3: $26,581.26

   c. <u>Nature of wages:</u>

This amount represents unpaid Minimum Wages at the Florida rate

41. Plaintiff CLARA SANTANA was not paid minimum wages for the hours and relevant periods specified above. Therefore, the Defendants unlawfully failed to pay minimum wages to Plaintiff.

42. Defendants ARMANDO BARRIO NUEVO and DARELYNN PREJEAN knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum

wages as required by the Fair Labor Standards Act and remain owing Plaintiff CLARA SANTANA these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

43. Defendants ARMANDO BARRIO NUEVO and DARELYNN PREJEAN willfully and intentionally refused to pay Plaintiff CLARA SANTANA minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

44. Plaintiff seeks to recover for minimum wage violations accumulated within her relevant employment and/or from 3 (three) years from the date of the filing of this complaint.

45. Plaintiff CLARA SANTANA has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CLARA SANTANA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff CLARA SANTANA and against the Defendants ARMANDO BARRIO NUEVO and DARELYNN PREJEAN based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff CLARA SANTANA actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages /liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff CLARA SANTANA demands trial by jury of all issues triable as of right by jury.

Dated:  March 24, 2022

                                              Respectfully submitted,

                                              By:  /s/ **Zandro E. Palma**
                                              ZANDRO E. PALMA, P.A.
                                              Florida Bar No.: 0024031
                                              9100 S. Dadeland Blvd.
                                              Suite 1500
                                              Miami, FL 33156
                                              Telephone: (305) 446-1500
                                              Facsimile:  (305) 446-1502
                                              zep@thepalmalawgroup.com
                                                   *Attorney for Plaintiff*